

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEREK ANTHONY COSTANTINO, | ) |
| Petitioner, | ) 3:09-cv-00192-RCJ-VPC |
| vs. | ) **ORDER** |
| E.K. McDANIEL, *et al.*, | ) |
| Respondents. | ) |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss the petition on grounds of untimeliness. (Docket #11).

**I. Discussion**

On April 7, 2009, petitioner dispatched his federal habeas petition to this Court. (Petition, Docket #4, at p. 1). The petition challenges the outcome of a prison disciplinary hearing held on May 26, 2004. (*Id.*).

The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d). The AEDPA's one-year limitations period "applies to all habeas petitions by persons in 'custody pursuant to the judgment of a State court' even if the petition challenges a pertinent administrative decision rather than a state court judgment. *Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004). Applying the statute to a petition challenging a pertinent administrative decision, such as a prison disciplinary hearing, the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *Id.* at 1065 (citing 28 U.S.C. § 2244(d)(1)(D). If a petition reveals on its face that the statute of limitations has run, the petitioner has the burden of alleging facts which would give rise to any tolling of the statute. *Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993).

In the instant case, the relevant prison disciplinary hearing was held on May 26, 2004. (Petition, Docket #4, at p. 1 and Exhibit 1). The administrative appeal of the disciplinary proceedings concluded on June 14, 2004. (Petition, at p. 1). The grievance form included as an exhibit to the federal petition indicates the completion of the administrative appeal and the fact that petitioner was made aware of the

2

1  denial of the appeal as early as June 21, 2004. (Petition, at Exhibit 3). Petitioner filed a state habeas
2  petition on March 21, 2006, approximately 22 months after the June 21, 2004 notice of negative results
3  of his appeal. The petition reveals on its face that the statute of limitations had run before petitioner
4  even filed his state court habeas petition. Petitioner has alleged no facts that would give rise to tolling
5  under *Hinton v. Pacific Enterprises*, 5 F.3d 391, 395 (9th Cir. 1993).

6  Where a petition is untimely, the court may only consider it if petitioner can demonstrate that
7  extraordinary circumstances beyond his control made it impossible to file the petition on time. *See*
8  *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of establishing
9  two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary
10 circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

11 In his opposition to the instant motion to dismiss, petitioner argues that he is entitled to equitable
12 tolling of the statute of limitations due to his unfamiliarity with the law. A petitioner's unfamiliarity
13 with the law does not entitle him to equitable tolling of the statute of limitations. *Rasberry v. Garcia*,
14 448 F.3d 1150, 1154 (9th Cir. 2006); *Kibler v. Walters*, 220 F.3d 1151, 1153 (9th Cir. 2000). The
15 AEDPA statute of limitations ran untolled during the 22 months from June 14, 2004, to March 21, 2006,
16 when petitioner filed his state court habeas petition challenging the outcome of the prison disciplinary
17 hearing. This Court finds that the petition is untimely and that petitioner is not entitled to equitable
18 tolling of the statute. As such, the petition will be dismissed as untimely.

19 **II. Certificate of Appealability**

20 In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28
21 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski*, 435 F.3d 946, 950-951 (9th
22 Cir. 2006); see also *United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a
23 petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a
24 certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).
25 "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the
26

constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section 2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a). This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the respondents' motion to dismiss (Docket #11) is **GRANTED.** The petition is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that petitioner's motion for discovery (Docket #8) is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

DATED this 29 day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE